UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  )  v. )  )  LARRY WAYNE WHITE, )  )  Defendant. ) | Cause No. 1:12-CR-0010-TWP-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 11, 2013.  Proceedings were held on December 19, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On Thursday, December 19, 2013, Larry Wayne White ("White") appeared in person with appointed counsel, William H. Dazey, Jr.  The Government appeared by Melanie C. Conour, Assistant United States Attorney.  U. S. Parole and Probation appeared by Ryan Sharp, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1.   Mr. White was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of those allegations.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C. § 3401(e).

2.      A copy of the Petition was provided to Mr. White and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading of those violations.

3.      Mr. White was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.      Mr. White was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.      Mr. White was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.      Mr. White was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. White had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge.

7.      Mr. Dazey stated that Mr. White would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.  Mr. White executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.      Mr. White stipulated that he committed each of the violations in the Petition, Numbers 1 through 4, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on December 12, 2013, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall refrain from any unlawful use of a controlled substance.** |
| 2 | **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** |
| 3 | **The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |
| | On September 24 and October 21, 2013, the defendant submitted urine samples that were diluted and tested positive for marijuana. On October 30, November 3, 12, and 25, 2013, the defendant submitted urine samples that tested positive for marijuana. |
| | As previously reported to the Court, the defendant submitted urine samples that tested positive for marijuana on September 10, 20, 25, and October 8, 2012, July 30, August 1, 29, and September 5, 2013. |
| 4 | **The defendant shall reside for a period of 6 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility.** |
| | On October 23, 2013, the defendant reported to the RRC in Indianapolis as directed. He failed to observe the rules of the facility by testing positive for marijuana on November 25, 2013. |

9. The Court placed Mr. White under oath and directly inquired of Mr. White whether he admitted the violations of the specifications of his supervised release set forth above. Mr. White stated that he admitted the violations.

10. The most serious grade of violation committed by Mr. White constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

11. Mr. White has criminal convictions that yield a criminal history category of IV.

12. The term of imprisonment applicable upon revocation of Mr. White's supervised release is 12 to 18 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

13. The parties agreed on the appropriate disposition of the case as follows:

(a) that Mr. White is to be sentenced to the custody of the Attorney General or his designee for a period of thirty (30) days;

(b) that Mr. White is to serve a term of two (2) years of supervised release upon completion of his service of thirty (30) days in custody, under the same terms and conditions of supervised release as previously imposed and with the addition of the term and condition that Mr. White reside at a residential treatment center for four (4) months, which time is included within the term of the two (2) years of supervised release.

14. The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Larry Wayne White, violated the above-delineated condition in the Petition.

**WHEREFORE**, the U.S. Magistrate Judge **RECOMMENDS** that Mr. White's supervised release be **REVOKED** and that he be sentenced to the custody of the Attorney General or his designee for thirty (30) days, with two (2) years of supervised release to follow under the same terms and conditions previously imposed by the district court, with the added term and condition that Mr. White reside in a residential treatment center for a period of four (4) months, which time is included within the term of the two (2) years of supervised release.

The Court further requests that Ryan Sharp, U. S. Parole and Probation Officer, prepare for submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order.

Counsel for the parties and Mr. White stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. White entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**IT IS SO ORDERED** this 9th day of January, 2014.

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Melanie C. Conour
Assistant United States Attorney
melanie.conour@usdoj.gov

William H. Dazey, Jr.
Indiana Community Federal Defender
Bill_Dazey@fd.org

U. S. Parole and Probation

U. S. Marshal